UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

ANTHONY COSENTINO,

                                Plaintiff,

        -against-

CITY OF NEW YORK, GERARD DELPRETE, Individually,
JOHN FANIZZI, Individually, RANDALL LITRELL,
Individually, ANDREY SMIRNOV, Individually,
ANTHONY MASSONI, Individually, JOHN BROOKS,
Individually, ARTHUR TRUSCELLI, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

-----------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 4100
(RRM)(VMS)

<u>Jury Trial Demanded</u>

       Plaintiff ANTHONY COSENTINO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

       2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ANTHONY COSENTINO is a thirty-two year old man residing in Staten Island, New York.

7.      Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, GERARD DELPRETE, JOHN FANIZZI, RANDALL LITRELL, ANDREY SMIRNOV, ANTHONY MASSONI, JOHN BROOKS, ARTHUR TRUSCELLI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

12.    On April 19, 2012, at approximately 6:30 p.m., plaintiff ANTHONY COSENTINO was lawfully operating his vehicle in the vicinity of Watchogue Road and Willowbrook Road, in Staten Island, New York, when defendant NYPD officers GERARD DELPRETE and RANDALL LITRELL, unlawfully stopped plaintiff's vehicle, and detained and searched plaintiff and his vehicle, despite lacking reasonable suspicion to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.

13.    Defendant DELPRETE recovered one legally prescribed and possessed Alprazolam pill from a pill case attached to plaintiff's key chain.

14.    Plaintiff explained to the defendants DELPRETE and LITRELL, in sum and substance, that he was prescribed Alprazolam by his doctor to treat his anxiety.

15.    Despite lacking probable cause to believe that plaintiff had committed any crime or offense, defendant DELPRETE and LITRELL handcuffed plaintiff.

16.    Defendants ANDREY SMIRNOV, JOHN FANIZZI, ANTHONY MASSONI, JOHN BROOKS, and ARTHUR TRUSCELLI also responded to the location of plaintiff's arrest.

17.    At the scene, defendants BROOKS and TRUSCELLI took custody of plaintiff and imprisoned him in their police vehicle for approximately four to five hours before transporting him to the 120th precinct stationhouse.

3

18.     The defendants unlawfully imprisoned plaintiff until approximately 12:00 a.m., on April 20, 2012, when defendant FANIZZI released plaintiff with a desk appearance ticket compelling plaintiff's appearance in Richmond County Criminal Court on May 21, 2012.

19.     Plaintiff appeared as required for his arraignment in Richmond County Criminal Court on docket no. 2012RI004700, to face false charges of criminal possession of a controlled substance; said charges having been filed based on the false allegations of defendant DELPRETE. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

20.     Defendants further fabricated the circumstances purportedly leading up to plaintiff's stop and search and conveyed said information to prosecutors for use against plaintiff in criminal proceedings, to wit: that they observed plaintiff purportedly holding a Ziploc bag in plain view.

21.     As a result of the defendants' false charges, plaintiff was compelled to return to court on three occasions, until on December 11, 2012, the Richmond County District Attorney's Office moved to dismiss the false charges filed against plaintiff. All charges were consequently dismissed and sealed.

22.     Defendant SMIRNOV supervised defendants DELPRETE, LITRELL, FANIZZI, MASSONI, BROOKS, and TRUSCELLI, and was present during plaintiff's arrest, approved of the arrest of plaintiff, verified and signed off on paperwork related to plaintiff's arrest, and otherwise participated in the arrest and prosecution of the plaintiff, despite being aware that

4

probable cause for plaintiff's arrest was lacking.

23.    Defendant NYPD officers SMIRNOV, FANIZZI, BROOKS, MASSONI, and TRUSCELLI failed to intervene in the arrest of plaintiff despite the fact that they were present at the location of plaintiff's arrest and aware that probable cause for plaintiff's arrest was lacking.

24.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

25.    The aforesaid event is not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the legal basis required for stops and searches; the probable cause quantum required for arrests and prosecutions; the legality of possession of prescribed controlled substances outside of their prescription bottle for an individual's current use; and that they engage in falsification.

26.    Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

27.    Moreover, upon information and belief, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

28.     As a result of the foregoing, plaintiff ANTHONY COSENTINO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

<strong><u>Federal Claims</u></strong>

<strong>AS AND FOR A FIRST CAUSE OF ACTION</strong><br><u>(Deprivation of Rights Under 42 U.S.C. § 1983)</u>

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff ANTHONY COSENTINO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

35.   As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>(Fourth Amendment Claim of Unreasonable Stop and Search under 42 U.S.C. § 1983)</u>

36.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.   Defendants unreasonably searched plaintiff ANTHONY COSENTINO by unlawfully stopping, seizing, frisking and searching him, and by unlawfully searching his vehicle.

38.   Defendants caused ANTHONY COSENTINO to be unreasonably searched thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation and loss of liberty.

39.   As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)</u>

40.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

7

41.     Defendants arrested plaintiff ANTHONY COSENTINO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42.     Defendants caused plaintiff ANTHONY COSENTINO to be falsely arrested and unlawfully imprisoned.

43.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff ANTHONY COSENTINO.

46.     Defendants utilized this false evidence against plaintiff ANTHONY COSENTINO in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff ANTHONY COSENTINO suffered a violation of his constitutional right to a fair trial, as guaranteed by the United States Constitution.

48.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

8

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District Attorney's office.

51.     The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about December 11, 2012.

52.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1"" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued criminal process against plaintiff ANTHONY COSENTINO by causing him to be arraigned and prosecuted for violation of the Penal Law.

55.     Defendants caused plaintiff ANTHONY COSENTINO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of

9

justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

56. As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants had an affirmative duty to intervene on behalf of plaintiff ANTHONY COSENTINO, whose constitutional rights were being violated in their presence by other officers.

59. The defendants failed to intervene to prevent the unlawful conduct described herein.

60. As a result of the foregoing, plaintiff ANTHONY COSENTINO's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

61. As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

64.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: inadequate screening, hiring, retaining, training and supervising its employees, engaging in falsification, and; arresting individuals for possession of legally prescribed controlled substances, particularly when such substances were lawfully possessed for current use.  The New York City Police Department's

11

customs, policies, usages, practice, procedures and rules were the moving force behind the violation of plaintiff ANTHONY COSENTINO's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ANTHONY COSENTINO.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ANTHONY COSENTINO as alleged herein.

70.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ANTHONY COSENTINO as alleged herein.

71.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ANTHONY COSENTINO was unlawfully arrested and maliciously prosecuted.

72.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ANTHONY COSENTINO's constitutional rights.

73.    All of the foregoing acts by defendants deprived plaintiff ANTHONY

COSENTINO of federally protected rights, including, but not limited to, the right:

        A.       Not to be deprived of liberty without due process of law;

        B.       To be free from false arrest/unlawful imprisonment;

        C.       To be free from malicious prosecution; and

        D.       To be free from the failure to intervene.

74. As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79. Plaintiff has complied with all conditions precedent to maintaining the instant action.

80.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants arrested plaintiff ANTHONY COSENTINO without probable cause.

83.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

84.     As a result of the aforementioned conduct, plaintiff ANTHONY COSENTINO was unlawfully imprisoned in violation of the laws of the State of New York.

85.     As a result of the aforementioned conduct, plaintiff ANTHONY COSENTINO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants made offensive contact with plaintiff without privilege or consent.

14

89.     As a result of defendant's conduct, plaintiff ANTHONY COSENTINO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
<u>(Malicious Prosecution under laws of the State of New York)</u>

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of April 19, 2012 to the Richmond County District Attorney's Office.

93.     Defendants caused plaintiff ANTHONY COSENTINO to be prosecuted on criminal charges without any probable cause until the charges were dismissed on or about December 11, 2012.

94.     As a result of the aforementioned conduct, plaintiff ANTHONY COSENTINO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

95.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

96.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants issued criminal process against plaintiff ANTHONY COSENTINO by causing him to be arrested, arraigned and prosecuted in criminal court.

98.     Defendants caused plaintiff ANTHONY COSENTINO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

99.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City of New York.

16

103.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

104.   The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ANTHONY COSENTINO.

105.   As a result of the aforementioned conduct, plaintiff ANTHONY COSENTINO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106.   As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.   Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ANTHONY COSENTINO.

109.   Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110.   As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ANTHONY COSENTINO.

113.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

18

116.    As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.    As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

120.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    As a result of defendants' conduct, plaintiff ANTHONY COSENTINO was deprived of his right to security against unreasonable searches, seizures, and interceptions.

19

122.     As a result of the foregoing, plaintiff ANTHONY COSENTINO is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ANTHONY COSENTINO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        April 24, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ANTHONY COSENTINO
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
        BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ANTHONY COSENTINO,

                                    Plaintiff,

                                                            13 CV 4100
           -against-                                        (RRM)(VMS)

CITY OF NEW YORK, GERARD DELPRETE, Individually,
JOHN FANIZZI, Individually, RANDALL LITRELL,
Individually, ANDREY SMIRNOV, Individually,
ANTHONY MASSONI, Individually, JOHN BROOKS,
Individually, ARTHUR TRUSCELLI, Individually, and JOHN
and JANE DOE 1 through 10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                                    Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100